1    Ryan A. Hamilton
     CA Bar No. 291349
2    HAMILTON LAW
     5125 S. Durango Dr., Ste. C
3    Las Vegas, NV 89113
     (702) 818-1818
4    (702) 974-1139
     ryan@hamlegal.com
5    *Attorney for the Plaintiff,*
     *Richard N. Bell*
6

7                    **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**

8    RICHARD N. BELL, an individual,

9                         Plaintiff,          Case No.: 3:18-cv-01491-DMS-BGS

10          vs.

11   STEPHEN JAMES BARBER; JETSETZ,           **BRIEF IN SUPPORT OF**
     INC.; and DOES 1-100, ROE Corporations I-X,   **PLAINTIFF'S MOTION FOR**
12   inclusive,                                 **DEFAULT JUDGMENT AGAINST**
                                                **DEFENDANTS STEPHEN JAMES**
13                        Defendants.          **BARBER AND JETSETZ, INC.**

14

15          Pursuant to Federal Rule of Civil Procedure 55, Plaintiff hereby requests that the Court

16   enter a default judgment against Defendants STEPHEN JAMES BARBER and JETSETZ, INC.

17   ("Defendants"). Defendants were served via Fedex with the summons and complaint on June 29,

18   2018. Defendants, however, have failed to respond to the Complaint within the time specified by

19   Federal Rule of Civil Procedure 12(a). Therefore, because Plaintiff, as set forth in detail below,

20   has established Defendants' liability and the Clerk entered default on February 19, 2019, the Court

21   should enter a default judgment against Defendants. Further, based on Defendants' willful and

22   deliberate infringement actions, the Court should award statutory damages of at least $150,000 in

23   and $687.14 in costs to Plaintiff. Finally, the Court should enter an injunction and declaratory

24   relief against Defendants.

25

                                              1

## I.   RELEVANT HISTORY

Plaintiff Bell is the owner of the copyrighted Indianapolis Photo (*See* Declaration of Richard N. Bell [hereinafter "Bell Decl."], attached hereto as Exhibit A). Plaintiff initially filed this action on June 29, 2018 against Defendants for copyright infringement for illegally downloading and displaying the copyrighted work at the domain name of http://www.jetsetz.com/uploads/destinations/jetsetz-cheap-travel-deals-to-indianapolis.jpg (Exhibit B- Screenshot of infringement)

Plaintiff's counsel sent an envelope via Fedex overnight mail containing the Summons, Complaint and other initial pleadings, addressed to Defendants STEPHEN BARBER and JETSETZ, INC., which was delivered by FedEx on August 15, 2018 at his residence at 10228 S. White Rock Road, Rancho Cordova, California 95670. Defendant Stephen Barber is the owner of JETSETZ, INC. and its registered agent.

To date, Defendants have not responded, either through an answer or a motion, to Plaintiff's complaint. Plaintiff filed a request for the Clerk of Court to enter default and the Clerk entered default on February 19, 2019.

## II.   ARGUMENT

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b). Generally, a default judgment establishes, as a matter of law, that the defendant is liable to plaintiff as to each cause of action alleged in the complaint. *See Philip Morris USA, Inc. v. Castworld Products, Inc.,* 219 F.R.D. 494, 498 (C.D. Cal. 2003).

After default has been entered, the well-pleaded allegations of a complaint relating to liability are taken as true, except for those allegations relating to damages. *Id*. If the facts in the

1   complaint are sufficient to establish liability, then the court conducts an inquiry to ascertain the

2   amount of damages. *Id*. In determining damages, the court may rely on the plaintiff's declarations

3   or order an evidentiary hearing. *Id*. This process is limited by Rule 54, which states that "[a]

4   default judgment must not differ in kind from, or exceed in amount, what is demanded in the

5   pleadings." Fed. R. Civ. P. 54(c).

6   **A.      Jurisdiction**

7            This Court has personal jurisdiction over Defendants because they do business in this

8   District, because a substantial part of the relevant events occurred in this District, and because a

9   substantial part of the property that is the subject of this action is situated here. (Bell Decl. ¶ 7.)

10  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants

11  reside and are located in this district. (Bell Decl. ¶ 7.)

12  **B.      Plaintiff has established Defendants' liability.**

13           Plaintiff's pleadings establish Defendants' liability for copyright infringement. "To

14  establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2)

15  copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel.*

16  *Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regard to the first

17  element, in his complaint Plaintiff alleged that The Plaintiff, Richard N. Bell, took photograph of

18  the Indianapolis Skyline in 2000 and the "Indianapolis photo" was registered with the U.S.

19  Copyright office. *See* Dkt. #1, Complaint ℙ 10. The "Indianapolis Photo" was registered on August

20  4, 2011 with the United States Copyright Office and assigned Registration Number

21  VA0001785115. *Id*. (Exhibit C)

22           A copyright registration is "*prima facie* evidence of the validity of the copyright and the

23  facts stated in the certificate."17 U.S.C. § 410(c). Once Plaintiff produced the certificate of

24  copyright, the burden shifts to Defendants to demonstrate why the claim of copyright is invalid.

25

1    *United Fabrics Int'l, Inc. v. C&J Wear, Inc.,* 630 F.3d 1255, 1257 (9th Cir. 2011). Because

2    Defendants failed to answer Plaintiff's complaint or otherwise response, Defendants failed to rebut

3    this presumption. *See id.*

4         As regards the second element of copyright infringement, Plaintiff alleged in his

5    Complaint that Defendants displayed Plaintiff's copyrighted work, the Indianapolis Photo, on

6    Defendants' website without Plaintiff's permission. Dkt. 1, ₧₧ 13-33. Plaintiff observed

7    Defendants' display of his photo on or about May 25, 2018. *Id.* at ₧ 13. Defendants displayed the

8    photo on their website at the following location: http://jetsetz.com/uploads/destinations/jetsetz-

9    cheap-travel-deals-to-indianapolis.jpg. Plaintiff attached to his Complaint a screen shot of

10   Defendants' unauthorized display of his photo. Plaintiff's allegations and evidence of Defendants'

11   unauthorized display constitute *prima facie* evidence of Defendants' copying of Plaintiff's

12   copyrighted work.

13        Plaintiff's Complaint also establishes Defendants' liability for willful infringement. To

14   prove 'willfulness' under the Copyright Act, the plaintiff must show "(1) that the defendant was

15   actually aware of the infringing activity, or (2) that the defendant's actions were the result of

16   'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton*

17   *Malletier, S.A. v. Akanoc Sols., Inc.,* 658 F.3d 936, 944 (9th Cir. 2011). On this score, Plaintiff

18   alleges that Defendants falsely claimed on jetsetz.com, Defendants' website, that they owned all

19   copyrights to photographs displayed on the website. Complaint, ₧ 18. Defendants knew that they

20   did not own the Indianapolis Photo, nor that they had any rights to display the photo, yet

21   Defendants did so anyway. *Id.* at ₧ 21. In displaying the photo, Defendants did not confer any

22   credit to Plaintiff. *Id.* at ₧ 18. Defendants used the photo for their commercial purposes, but

23   refused to compensate Plaintiff for their use. *Id.* at ₧ 20.

24        Plaintiff's well-pleaded allegations amply establish that Defendants' infringement was

25   willful.

**C.     Plaintiff is entitled to recover statutory damages because of Defendants'
infringement.**

Under 17 U.S.C. § 504(c)(2), the Court may award statutory damages of up to

$150,000.00. That subsection provides, in relevant part: "In a case where the copyright owner

sustains the burden of proving, and the court finds, that infringement was committed willfully, the

court in its discretion may increase the award of statutory damages to a sum of not more than

$150,000." Absent a showing of willfulness, the Court may award statutory damages "in a sum of

not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Here,

Plaintiff's allegations, taken as true, amply sustain the burden of proof that Defendants'

infringement was committed willfully.

In *Bell v. A1 Luxury Limousine of South Florida, Inc*, No. 1:16-cv-02536-LJM-TAB (S.D.

Ind. August 18, 2017)(attached hereto as Exhibit D), the Southern District of Indiana found

Defendant liable for willful copyright infringement and awarded the plaintiff the maximum

statutory damages of $150,000. There, the court concluded that, "Defendant's deliberate action of

placing common copyright marking language at the bottom of the Website could reasonably be

considered to indicate that Defendant possessed the rights to all of the material on the Website.

Moreover, Defendant failed to distinguish itself from the owner of the Photo, which further

supports a finding of willfulness in the instant case." *Id*. at *3; *see also Ranco Industries, Inc. v.

Boston Floor Mats*, 2011 WL 1237938, *1 (S.D. Tex. 2011)(concluding infringement was willful

where "Defendants' copyright management information indicates that the page is copyrighted to

[Defendant]"); *John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, 2013 WL

1828671, *4 (N.D. Tex 2013)(holding infringement willful where Defendants asserted ownership

of copyrighted work by including a copyright notice at the bottom of the page).

Here, as in the cases cited above, Defendants falsely claimed that they owned Plaintiff's

copyrighted work. Complaint, ℙ 18. Defendants knew that they did not own the Indianapolis

Photo, yet they displayed the photo on their commercial website, passing it off as their own.

1   Defendants' conduct plainly constitutes willful infringement. Plaintiff respectfully requests an

2   award for the maximum statutory damages for Defendants' willful infringement, as Plaintiff

3   requested in his Complaint.

4   **D.      Plaintiff is entitled to recover costs as a result of Defendants' actions.**

5          The Copyright Act permits recovery of "full costs" to the prevailing party. 17 U.S.C. §

6   505. Plaintiff, in the *ad damnum* clause of his Complaint, requested costs of the action.

7   ("Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action,

8   pursuant to 17 U.S.C. § 505[.]")

9          Here, Defendants' actions demonstrate a blatant disregard for Plaintiff's rights by, *inter*

10  *alia*, failing to respond to numerous notices of this action. Additionally, Plaintiff has expended

11  considerable amounts of time to creating his copyrighted photo and being forced to bring this

12  action to protect his copyright. All in all, Plaintiff has been negatively impacted by the activities of

13  Defendants. Therefore, awarding Plaintiff costs is appropriate under the Copyright Act.

14         Plaintiff has incurred costs for which he requests recovery in the default judgment. (See

15  Bell Decl. ¶ 11.) Specifically, Plaintiff requests $687.14 in costs. *Id*. Therefore, the Court should

16  award Plaintiff costs in the amount of $687.14.

17  **E.      Plaintiff is entitled injunctive and declaratory relief.**

18         As the U.S. Supreme Court stated in *Petrella v. Metro-Goldwyn-Mayer, Inc*., 134 S.Ct.

19  1962, 188 L.Ed.2d 979, 82 USLW 4361 (2014), "[t]he [Copyright] Act provides a variety of civil

20  remedies for infringement, both equitable and legal. A court may issue an injunction 'on such

21  terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" The

22  Copyright Act authorizes both declaratory and injunctive relief in situations where it is reasonable

23  for the purposes of restraining or preventing infringement of copyright. 17 U.S.C. § 502(a).

24  Irreparable injury may normally be presumed from a showing of copyright infringement. *Atari*

25  *Inc. v. North Am. Philips Consumer Elec. Corp*., 672 F.2d 607, 620 (7th Cir.), cert. denied, \*648

1   459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982). In addition, the public interest may favor the

2   grant of a preliminary injunction because copyright laws embody a policy of encouraging

3   creativity. *Id.*

4         This Court should enter an injunction immediately and permanently enjoining Defendants

5   from copying and publishing Plaintiff's copyrighted photos without Bell's consent. Injunctive

6   relief is necessary to prevent future harm. Further, there is no harm to the public interest as a result

7   of preventing that publication. Indeed, an injunction will serve the public interest by preserving

8   the integrity of Bell's copyright. Accordingly, Plaintiff is entitled to a permanent injunction in this

9   case.

10         In addition, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

11   2202, Plaintiff seeks a resolution of this ongoing controversy by a declaration of this Court as to

12   the rights of the respective parties in this matter. The Declaratory Judgment Act confers on the

13   federal courts unusual and substantial discretion in determining whether to "declare" the rights of

14   litigants. The Supreme Court emphasized that the statute permits, but does not require, a federal

15   court to issue a declaratory judgment. *Wilton v. Seven Falls Company*, 515 U.S. 277, 286-87

16   (1995); *Public Affairs Associates, Incorporated v. Rickover*, 369 U.S. 111, 112 (1962).

17         The unique feature of the Declaratory Judgment Act is its authorization to "declare" the

18   rights and legal relations of the parties to the controversy; such declarations have the force and

19   effect of a final judgment. 28 U.S.C. § 2201(a). Declaratory judgments are accorded *res judicata*

20   effect. Restatement (Second) of Judgments § 33 (1982). Congress plainly intended declaratory

21   relief to substitute, in appropriate cases, for the "strong medicine" of an injunction. *Steffel v.*

22   *Thompson*, 415 U.S. 452, 466-67 (1974). Since a declaratory judgment does not have the coercive

23   power of an injunction, a lesser showing is required to obtain declaratory relief. *Steffel*, 415 U.S. at

24   466-67, 471-72; *see also Ulstein Maritime Limited v. United States*, 833 F.2d 1052, 1055 (1st Cir.

25   1987). The traditional four factors required for injunctive relief, including irreparable injury, are

1   not required for a declaratory judgment. *Texas Employers' Insurance Association v. Jackson*, 820

2   F.2d 1406, 1420 (5th Cir. 1987), *rev'd on other grounds en banc*, 862 F.2d 491 (5th Cir 1988);

3   *Fantasy Book Shop v. City of Boston*, 652 F.2d 1115, 1125-26 (1st Cir. 1981); *see also Steffel*, 415

4   U.S. at 471-72; *Animal Welfare Institute v. Martin*, 623 F.3d 19, 29 (1st Cir. 2010); *PGBA, LLC v.*

5   *United States*, 389 F.3d 1219, 1228 n.6 (Fed. Cir. 2004).

6          Here, monetary damages are insufficient to compensate Plaintiff for his injury because

7   monetary damages will not prohibit future infringement. (Bell Decl.¶12.) The only hardship

8   Defendants will suffer from the imposition of an injunction is the inability to engage in further

9   unlawful activity through unauthorized use of the copyrighted photograph. An injunction will

10  serve the public interest by protecting copyrighted material and encouraging compliance with

11  federal law. The appropriate injunction will prohibit Defendants from posting the Indianapolis

12  Photo on their website and will remain in effect their life.

13         If the copyright owner prevails in an infringement action, Section 503(b) of the Copyright

14  Act provides for the impounding and destruction "or other reasonable disposition" of the

15  infringing copies "and all plates, molds, matrices, masters, tapes, file negatives, or other articles by

16  means of which such copies...may be reproduced." This Court should issue an order directing that

17  Defendants turn over all images of the Indianapolis Photo to Plaintiff.

18         Thus, as part of the Declaratory Relief, this Court should declare Mr. Bell the owner of the

19  Indianapolis Photo and that he owns all the rights to the photo. Also the Court should find that

20  Defendants have no rights whatsoever to the Indianapolis Photo and that the Defendants'

21  publication of the Indianapolis constituted copyright infringement.

22         Plaintiff prays for declaratory judgment against Defendants declaring that Defendants'

23  unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act.

24         / / /

25         / / /

1

**CONCLUSION**

2       For the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment

3   against Defendants for damages in the amount of $150,687.14 As Plaintiff has demonstrated,

4   Defendants infringed Plaintiff's copyrighted work and did so willfully. Plaintiff also prays for a

5   permanent injunction and a declaratory judgment against Defendants that Bell is the owner of the

6   copyrights of the Indianapolis Photo.

7       DATED this 6th Day of June, 2019.

8                                                 Respectfully submitted,

9

10                                          By: */s/ Ryan Hamilton*_____
                                                RYAN A. HAMILTON, ESQ.
                                                CA BAR NO. 291349
11                                              HAMILTON LAW
                                                5125 S. Durango Dr., Ste. C
12                                              Las Vegas, NV 89113
                                                (702) 818-1818
13                                              (702) 974-1139
                                                ryan@hamlegal.com
14                                              *Attorney for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

9

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2019 a copy of the foregoing was filed by operation of the

Court's CM/ECF system. Notice of this filing has been filed on the following parties through the

Court's CM/ECF system, Email or United States first class mail, postage as indicated:

U.S. First Class Mail:

Stephen Barber
JetSetz, Inc.
10228 S. White Rock Road
Rancho Cordova, CA 95670

/s/ Chellsea Tully_____
Employee of Hamilton Law