# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD N. BELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN JAMES BARBER; JETSETZ, INC.; and DOES 1-100, ROE Corporations I-X, inclusive,<br><br>Defendants. | Case No. 3:18-cv-01491 DMS (BGS)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff Richard N. Bell's motion for default judgment. Defendants Stephen James Barber and Jetsetz, Inc. did not file an opposition. For the following reasons, Plaintiff's motion is granted.

## I.
## BACKGROUND

Plaintiff Richard Bell is an attorney and professional photographer. (Compl. ¶ 5.) Defendant Stephen Barber does business in the Southern District of California and is the owner and registered agent of Defendant Jetsetz, Inc. (*Id.*; Mem. of P. & A. in Supp. of Mot. ("Mot.") at 2.)

In March 2000, Plaintiff took a photograph of the Indianapolis Skyline ("Indianapolis Photo") and published it on the World Wide Web on August 29, 2000.

(Compl. ¶¶ 6, 9.) On August 4, 2011, Plaintiff registered the Indianapolis Photo with the United States Copyright Office. (*Id.* ¶ 1; Ex. C.) Plaintiff uses the photo to promote his photography business. (Compl. ¶ 12.)

On May 25, 2018, Plaintiff discovered through "Google Images" that Defendants had published the Indianapolis Photo on their travel website at http://www.jetsetz.com/uploads/destinations/jetsetz-cheap-travel-deals-to-indianapolis.jpg. (*Id.* ¶ 17; Ex. B.) Defendants did not disclose the source of the Indianapolis Photo and claimed in their sub-page for user policy that Jetsetz, Inc. owns the copyrights of all photographs displayed on their website. (Compl. ¶¶ 18, 22; JETSETZ, https://www.jetsetz.com/user-policy (last visited September 11, 2019) ("[A]ll content included on this Website, including … photographs … are intellectual property and copyrighted works of Jetsetz.com and/or its third-party Suppliers.").) Defendants did not pay for or obtain proper authorization to use Plaintiff's copyrighted photograph. (*Id.* ¶ 20, 23.)

Thereafter, on June 29, 2018, Plaintiff filed a complaint against Defendants for copyright infringement,[1] and subsequently effected service on Defendants. After Defendants failed to respond to the complaint, Plaintiff filed a request for entry of default, which the Clerk of Court granted on February 19, 2019. Because Defendants have failed to answer or defend this case, Plaintiff now seeks an entry of default judgment against Defendants. Specifically, Plaintiff seeks an award of statutory damages of $150,000 under 17 U.S.C. § 504, costs in the amount of $687.14 under 17 U.S.C. § 505, and injunctive and declaratory relief.

/ / /

/ / /

---

[1] Plaintiff has filed approximately 200 similar lawsuits. *See Bell v. Mattox*, No. 18-1677, 2019 WL 590147, at *3 (S.D. Ind. Feb. 12, 2019) ("Mr. Bell has embarked on a years-long campaign to vindicate his ownership interest in the Indianapolis Photo as well as another photo of the city's skyline, through the filing of an estimated 200 lawsuits.")

# II.

# DISCUSSION

## A. Default Judgment

A court may grant a default judgment upon application of a party. Fed. R. Civ. P. 55(b)(2). Granting or denying a default judgment under Rule 55(b) is within the court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In making this determination, a court considers the following factors, commonly referred to as the *Eitel* factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* at 1471–72. When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See* Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

### i. Possibility of Prejudice to the Plaintiff

Under the first *Eitel* factor, Plaintiff would suffer prejudice absent default judgment because he would be denied the right to judicial resolution of his claims and be without other recourse for recovery. Accordingly, the first factor weighs in favor of default judgment.

### ii. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors require Plaintiff to demonstrate he has stated a claim on which he may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In analyzing these factors, the Court accepts as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

A plaintiff bringing a claim for copyright infringement must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991); *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150 (9th Cir. 2006). Further, to show that a defendant willfully infringed the plaintiff's copyrights, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (citing *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

Here, Plaintiff alleges he owns the exclusive rights and privileges to the Indianapolis Photo, and that Defendants unlawfully published the copyrighted photograph on their website. Thus, Plaintiff has sufficiently pled a claim for copyright infringement. In addition, given Defendants' false representation that they own copyrights to all of the photographs displayed on their website, Plaintiff has also sufficiently pled that Defendants' infringement was willful. Accordingly, the second and third *Eitel* factors also weigh in favor of entry of default judgment.

### iii. Amount of Damages

For the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See, e.g.*, *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate. *Walters v. Statewide Concrete Barrier, Inc.*, No. 04-2559, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks $150,000 in statutory damages. Although the amount of

damages he seeks is within the range authorized by the Copyright Act, 17 U.S.C. § 504, for the reasons discussed *infra*, the Court finds it appropriate to award a reduced amount of statutory damages. *Compare Nexon America, Inc. v. Kumar*, No. 11–06991, 2012 WL 1116328, *3 (C.D. Cal. Apr. 3, 2012) ("While the amount at stake in this action is quite large, the bulk of any damages awardable is governed by statutorily mandated sums."), *with Joe Hand Promotions, Inc. v. Meola*, No. 10–4781, 2011 WL 2111802, *4 (N.D. Cal. Apr. 22, 2011) ("One factor that weighs against the entry of default judgment is the amount at stake in the action. Defendants seek the maximum amount available by statute … which [is] disproportionate to the harm alleged."). Given these countervailing considerations, the Court finds this factor to be neutral.

### iv. Possibility of a Factual Dispute and Excusable Neglect

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a factual dispute over any material fact and whether Defendants' failure to respond may have resulted from excusable neglect. As to the former, there is no dispute of material fact because Defendants have failed to respond. And upon an entry of default by the Clerk, the factual allegations of the complaint related to liability are taken as true. *See TeleVideo Sys., Inc.*, 826 F.2d at 917–18. As to the latter, there is nothing to suggest that there was been excusable neglect on Defendants' behalf. Thus, both factors five and six weigh in favor of granting default judgment.

### v. Policy Favoring Decision on the Merits

Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, Defendants' "failure to answer [Plaintiff's] Complaint makes a decision on the merits impractical, if not impossible." *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Moreover, Rule 55(a) allows termination of a case before a hearing on the merits when a defendant fails to defend an action. *Id.*; Fed. R. Civ. P. 55(a). Because Defendants failed to respond to or defend this action,

this factor does not preclude the Court from entering default judgment against them. After weighing the *Eitel* factors, the Court finds an entry of default judgment against Defendants to be appropriate.

**B.     Remedies**

Under Rule 54(c), only the amount prayed for in the complaint may be awarded to the plaintiff in a default. Fed. R. Civ. P. 54(c). Moreover, Rule 8(a)(3) requires that such a demand for relief be specific. Fed. R. Civ. P. 8(a)(3). Plaintiff seeks (1) enhanced statutory damages in the amount of $150,000, (2) costs in the amount of $684.14, (3) and injunctive and declaratory relief.

**i.     Statutory Damages**

Plaintiff seeks statutory damages for Defendants' infringement of copyright. Under the Copyright Act, a copyright owner may recover statutory damages "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually … in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(a), (c)(1). In a case where the copyright owner proves that the infringement was willful, the court in its discretion may increase the award of statutory damages to an amount not more than $150,000. *Id.* § 504(c)(2). But even where infringement is willful, "statutory damages should be proportional to the damages suffered by the copyright holder." *Star Fabrics, Inc. v. Zappos Retail, Inc*., No. 13-229, 2013 WL 12123687, at *7 (C.D. Cal. Sep. 10, 2013). A district court has wide discretion in determining the amount of statutory damages to be awarded and should consider what is just in the particular case in light of the nature of the copyright, the circumstances of the infringement, and other relevant circumstances. *Los Angeles News Service v. Reuters Television International, Ltd*., 149 F.3d 987, 996 (9th Cir. 1998).

Although the facts alleged in Plaintiff's complaint are sufficient to establish willfulness, Plaintiff has failed to offer any additional evidence that would establish "particularly egregious" conduct to warrant a statutory maximum. *See, e.g.*, *Warner*

*Bros. Entertainment Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (finding $150,000 statutory maximum was warranted because of defendants' "particularly egregious" conduct of ignoring warnings and breaching promise not to allow screeners to be reproduced); *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 585 (E.D. Pa. 2002) (finding statutory maximum was warranted where defendants committed "egregious acts in blatantly using Plaintiff Louis Vuitton's registered trademark to sell counterfeit Louis Vuitton products"). Plaintiff has neither specified what damages he has suffered, nor how Defendants have profited from the infringement. Further, although Plaintiff alleges Defendants are vicariously liable for allowing third parties to download the Indianpolis Photo, he provides no evidence to establish that a third party ever did so. In fact, this claim is inconsistent with the user agreement Plaintiff relies on to establish Defendants' willfulness, which prohibits web users from using the photographs published on Defendants' website.

Considering the nature of Plaintiff's copyright and the circumstances of the infringement, the Court in its discretion finds that statutory damages in the amount of $3,000 is appropriate. This is comparable to what other courts have awarded in same or similar instances. *See, e.g.*, *Bell*, 2019 WL 590147, at *2 (awarding $3,000, explaining "[a]lthough the facts alleged in Mr. Bell's complaint are sufficient to establish willfulness, he has failed to offer any additional evidence that would establish the kind of significant egregiousness required to support an award anywhere close to the $150,000 he seeks"); *Chanel, Inc. v. Lin*, No. 09-04496, 2010 WL 2557503, at *13 (N.D. Cal. May 7, 2010) (awarding $3,000 per infringement after finding willful trademark infringement).

### ii. Costs

The Copyright Act provides that a court has discretion to allow the recovery of full costs. 17 U.S.C. § 505. Plaintiff requests costs in the amount of $647.14—$400 for the filing fee, $225.00 for process servers, $35.00 for a skip trace to find

Defendants, and $27.14 on Fedex to serve Defendants. (Declaration of Richard Bell ¶ 11.) The Court finds the requested costs are reasonable, and grants Plaintiff $647.14 in costs.

### iii. Injunctive Relief

Plaintiff also seeks injunctive relief. Specifically, Plaintiff requests the Court to permanently enjoin:

> Defendant, their members, officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;
>
> Defendant from 'republishing' any of [Plaintiff's] copyrighted materials that, if granted, would require that the Indianapolis Photo not be available on https [and] would thereby make it impossible for third party Internet users to download copies of the Indianapolis Photo from said webpage.

(Compl. ¶ 36(b), (c))

Pursuant to the Copyright Act, the Court may grant injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). After reviewing the record, the Court concludes a permanent injunction is appropriate in this case. Monetary damages will not sufficiently compensate Plaintiff for his injury because such damages will not prohibit future infringement. And given that Defendants continue to display the Indianapolis Photo on their website and have been unresponsive to the claims lodged against them, an injunction is appropriate. The only hardship Defendants will suffer from the imposition of an injunction is being prohibited from engaging in further unlawful activity through the unauthorized use of Plaintiff's copyrighted photograph. An injunction will also serve the public interest by protecting copyrighted material and encouraging compliance with federal law. Accordingly, Plaintiff's request for a permanent injunction is granted.

####     iv. Declaratory Relief

Plaintiff further requests the Court to enter a declaratory judgment "that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act." (Compl. ¶ 36(a).) Under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court may render a declaratory judgment where there exists an actual "case or controversy." *Flast v. Cohen*, 392 U.S. 83, 95–96 (1968); *Coalition for a Healthy Cal. v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996). By default, it is taken as true that Plaintiff owns the copyright to the Indianapolis Photo and that Defendants have no rights to the copyrighted photograph. Because these issues are not contested, the Court declines to exercise its power under the Declaratory Judgment and denies Plaintiff's request for declaratory relief.

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. Defendants shall make payment to Plaintiff in the amount of **$3,647.14** within thirty (30) days of this Order. In addition, Defendants are hereby **ENJOINED** from posting the Indianapolis Photo on their website, as discussed. The Clerk of Court is instructed to enter judgment in favor of Plaintiff and close the case.

**IT IS SO ORDERED.**

Dated: September 16, 2019

_____
The Honorable Dana M. Sabraw
United States District Judge